IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALONZO M. ZEPPRINANS, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 18-2617 |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT KEVIN KAUFMAN, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, and THE ATTORNEY GENERAL OF THE STATE OF PA, | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 28th day of October, 2019,p after considering the petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner, Dalonzo M. Zepprinans ("Zepprinans") (Doc. No. 1), the respondents' response to the petition (Doc. No. 15), the state-court record, the report and recommendation by United States Magistrate Judge Thomas J. Rueter (the "R&R") (Doc. No. 16), petitioner's response to the respondents' response to the petition (Doc. No. 17), Zepprinans' first set of objections to the R&R (Doc. No. 20), the Judge Rueter's supplemental report and recommendation (the "Supplemental R&R") (Doc. No. 22), and Zepprinans' timely filed second set of objections to the Supplemental R&R (Doc. No. 23), it is hereby **ORDERED** as follows:

1.   The clerk of court is **DIRECTED** to **REMOVE** this action from civil suspense and **RETURN** it to the court's active docket;

2.   Zepprinans' objections to the R&R and Supplemental R&R (Doc. No. 23) are **OVERRULED**;[1]

3. The Honorable Thomas J. Rueter's R&R (Doc. No. 16) and Supplemental R&R (Doc. No. 22) are **APPROVED** and **ADOPTED**;

4. The petitioner's petition for writ of habeas corpus (Doc. No. 1) is **DENIED**;

5. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2);[2] and

6. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] The court conducts a *de novo* review and determination of the portions of the report and recommendation by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report).
   In his second set of objections to the Supplemental R&R, Zepprinans repeats his arguments (included in his petition, memorandum of law, and first set of objections to the R&R) about there being insufficient evidence/an unreasonable application of the law that goes against the weight of the evidence, failure of counsel to call a material witness, judicial bias, and ineffective assistance of counsel for failing to conduct pre-trial investigation. *See* Second Obj. to Second R&R ("Suppl. Objs.") at 1–11, Doc. No. 23. Because Zepprinans submitted the first set of objections to the R&R prior to the Supplemental R&R and Zepprinans had the opportunity to and did restate these objections once receiving the Supplemental R&R, the court is largely considering the second set of objections here. Before addressing these objections, the court will briefly address the timeliness of the Zepprinans' reply to respondents' response to his petition.
   The court is aware that Zepprinans filed his reply brief late because he claims that the prisoner mailing system delayed his receipt of the respondents' response to his habeas petition. *See* Obj. to Premature R&R at 1–2, Doc. No. 20. While Judge Rueter's supplemental report and recommendation takes notice of the fact that Zepprinans' reply was technically untimely filed, Suppl. R&R at 3–4, Doc. No. 22, Judge Rueter considered the arguments raised in the reply brief in the Supplemental R&R in the interests of justice. *Id.* at 4. Therefore, Zepprinans' case is not prejudiced by the fact that he, through no fault of his own, seemingly received the respondents' response eleven days prior to filing of the R&R.
   Regarding Zepprinans' objections to the R&R and Supplemental R&R, he contends that the lack of evidence in the state court record demonstrates that the state court decision was unsupported by sufficient evidence. *See* Suppl. Objs. at 4, 8. More specifically, Zepprinans argues that the state court's factual determination is "'objectively unreasonable in light of [n]o evidence' being presented in the State court proceeding, nor in this Federal Court[.]" *Id.* at 3. Zepprinans' claim under 28 U.S.C. § 2254(d)(2), however, should be considered in conjunction with section 2254(e)(1), which provides that "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner bears the burden of "rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). In this case, Zepprinans has not met this high burden of rebutting the presumption of correctness. Furthermore, contrary to Zepprinans' assertion that no evidence was presented at the state court proceeding, as Judge Rueter points out, there was more than sufficient evidence. As Judge Rueter explained, the trial judge stated that "there's no

question in my mind that there's a gun in his hand [in the video footage], and there's no question in my mind that he shot." R&R at 13 (quoting N.T. 7/17/14, at 7). The court finds that Judge Rueter's description of the facts in the R&R accurately describes the state court record; more specifically, Judge Rueter directly (and accurately) quotes from the state court record and the state court proceedings. *See* R. & R. at 1–13. Accordingly, Zepprinans' objection is overruled as he has not established that the state court's decisions were either contrary to or an unreasonable application of federal law, and he has not shown an unreasonable determination of the facts in light of the evidence presented.

Zepprinans also objects to the R&R and Supplemental R&R on the basis that Judge Rueter purportedly ignored his claim that his trial counsel was ineffective for failing to call a witness (Tanya Conover) who was at the scene of the crime. Suppl. Objs. at 3–5. The court must overrule this objection because Judge Rueter's R&R adequately addresses this ineffective assistance of counsel claim. Zepprinans' objection does not address Judge Rueter's analysis that because the state courts already rejected Zepprinans' ineffective assistance of counsel claim for failing to call a material witness it is subject to "doubly" deferential habeas review. R. & R. at 12. Here, the court agrees with Judge Rueter that under this standard trial counsel's actions could have been a matter of sound trial strategy, and that Zepprinans has not been able to establish prejudice on this claim. R. & R. at 12–13.

Zepprinans similarly asserts that Judge Rueter's R&R and Supplemental R&R do not address his claim of judicial bias. Suppl. Objs. at 5–6. As Judge Rueter explained, the Pennsylvania Superior Court found that Zepprinans waived this claim pursuant to 42 Pa. C.S. § 9543(a)(3), because he could have raised his issues before or during trial but failed to do so. R. & R. at 14. As Judge Rueter further correctly explains, when "petitioner's claim was barred from state court review by an independent and adequate state procedural rule, the doctrine of procedural default precludes habeas review." R. & R. at 14–15. While ineffective assistance of counsel can excuse a claim of procedural default, this court agrees with Judge Rueter that Zepprinans has not demonstrated that counsel was ineffective regarding his judicial bias claim, *see id.*, as he presents no evidence of counsel's representation falling below an objective standard of reasonableness, and there is no evidence of prejudice as necessary per *Strickland v. Washington*, 466 U.S. 668 (1984).

Lastly, Zepprinans objects on the grounds that Judge Rueter's R&R and Supplemental R&R do not consider the issue of trial counsel rendering ineffective assistance for failing to conduct pre-trial investigation. Suppl. Objs. at 6. Again, Zepprinans ignores that Judge Rueter's reports and recommendations address his argument, which was raised in the petition and the reply brief. Judge Rueter determined that Zepprinans' claim of ineffective assistance of counsel due to no pre-trial investigation to be impermissibly vague. R. & R. at 17. This court agrees with that determination and further agrees with Judge Rueter's analysis that this claim was unexhausted and the time to have raised this claim in a state proceeding has since passed. *Id.* Therefore, the court overrules Zepprinans' objection because Judge Rueter's R&R and Supplemental R&R adequately addresses his argument.

[2] For this court to issue a certificate of appealability, Zepprinans would have to "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880 (1983)). Here, jurists of reason would not find it debatable whether this court resolved the instant habeas petition appropriately, and the issues presented are inadequate to deserve encouragement to proceed further.